United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30817
Summary Calendar

DONALD GALLOW,

Petitioner-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(6:01-CV-2739)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Donald Gallow, Louisiana prisoner #
126280, appeals the district court's denial of relief on his 28
U.S.C. § 2254 petition, which Gallow filed to challenge his
conviction for murder. This court granted a certificate of
appealability (COA) on Gallow's claim that Evangeline Parish used
a racially discriminatory system in the selection of the grand jury
foreperson.

On appeal from the denial of a 28 U.S.C. § 2254 petition,
"this court reviews a district court's findings of fact for clear

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error, and it reviews a district court's conclusions of law de novo, applying the same standard of review to the state court's decision as the district court." Robertson v. Cain, 324 F.3d 297, 301 (5th Cir. 2003). Because the state habeas court decided Gallow's grand jury discrimination claim on the merits, that court's decision is entitled to deference under 28 U.S.C. § 2254(d). See Valdez v. Cockrell, 274 F.3d 941, 946 (5th Cir. 2001).

In denying COA relief, the district court determined, inter alia, that Gallow had not provided the state habeas court with statistical evidence to support his claim. On appeal Gallow contends that he attached statistical evidence to his state habeas petition, and that the evidence shows that Evangeline Parish employed a racially discriminatory system in selecting grand jury forepersons.

In support of such a claim, a petitioner must first establish a prima facie case of discrimination in the selection of a grand jury foreperson by (1) showing that the group against whom discrimination is asserted is a distinct class, singled out for different treatment; (2) proving the degree of under-representation by comparing the proportion of the group in the total population to the proportion called to serve as forepersons over a "significant period of time"; and (3) showing that the selection procedure is susceptible to abuse or is not race-neutral. See Rose v. Mitchell, 443 U.S. 545, 565 (citation omitted); Guice

2

v. Fortenberry, 661 F.2d 496, 499 (5th Cir. 1981) (en banc) ("Guice I").

Gallow has not shown that the district court clearly erred in its determination that he failed to support his claim with statistical data in the state habeas court. See Meanes v. Johnson, 138 F.3d 1007, 1010 (5th Cir. 1998). Our review of the state habeas record shows that in his efforts to support his claim, Gallow provided the state habeas court with nothing more than a textual discussion of statistics from unspecified sources.

In the absence of competent evidence, Gallow's assertion of racial discrimination is, at best, conclusional, and thus insufficient to obtain habeas relief. See Ellis v. Lynaugh, 873 F.2d 830, 839 (5th Cir. 1989). In view of the deficiency of proof submitted by Gallow, we agree with the district court that the state habeas court's determination that Gallow failed to establish a prima facie case for his claim of discrimination in the grand jury foreman selection process was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," and that the state habeas court's adjudication of the claim did not "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Accordingly, the judgment of the district court is

AFFIRMED.